**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JONESWORKS LLC,<br><br>Plaintiff,<br><br>-against-<br><br>KATHERINE CASE,<br><br>Defendant. | **1:26-CV-07685**<br><br>**NOTICE OF REMOVAL** |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE, that pursuant to 28 U.S.C. §§1332, 1441 and 1446, defendant Katherine Case (collectively, "Defendant"), by her attorneys, Dykema Gossett PLLC, hereby files this Notice of Removal with this Court for removal of the above-captioned action from the Supreme Court of the State of New York, County of New York, to this Court. In support of this Notice of Removal, Defendant states as follows:

1. On or about August 27, 2026, Plaintiff Jonesworks LLC ( "Plaintiff") filed a Summons, and on or about September 3, 2026, Plaintiff filed a Complaint, Request for Judicial Intervention, and Addendum to Request for Judicial Intervention (collectively, the "State Court Papers") in the Supreme Court of the State of New York, County of New York (the "State Court Action"). The matter has been assigned index number 654966/2026. A true and correct copy of the State Court Papers are attached as **Exhibit 1**.

2. As of this date, Plaintiff has not served Defendant with the State Court Papers.

3. As of this date, Defendant has not filed a responsive pleading, and no other proceedings have transpired in the State Court Action.

**Basis for Removal and Jurisdiction**

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and this action may be removed by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446 because it is a civil action wherein: (1) complete diversity of citizenship exists among the parties; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. There is complete diversity of citizenship between Plaintiff and Defendant in this action.

6. The Complaint alleges that plaintiff Jonesworks is a limited liability company formed in the State of Delaware. (Ex. 1, Compl., ¶ 6). For diversity of jurisdiction purposes, limited liability companies take on the citizenship of each of their members. *See Handelsman v. Bedford Vill. Assc. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000). According to a Statement of Information filed by Jonesworks with the State of California's Secretary of State, the members of Jonesworks are Stephanie Jones, Jason Hodes, and Brent Montgomery. True copies of filings made by Jonesworks with the California Secretary of State are attached as **Exhibit 2**.

7. The address of 211 East 43rd Street, New York, NY 10017 listed in the Statement of Information for Stephanie Jones and Jason Hodes is a commercial building in which Jonesworks maintains an office and is not the residence or domicile of either of them.

8. Upon information and belief, Stephanie Jones is a citizen of the State of Connecticut. Attached as **Exhibit 3** is a deed evidencing that Stephanie Jones owns residential property at 15 Mountain Laurel Drive, Greenwich, CT 06830. *See Braten v. Kaplan*, No. 07-cv-8498, 2009 U.S. Dist. LEXIS 18127, *11, (S.D.N.Y. Mar. 10, 2009) (listing "whether [s]he owns ...

property" as a factor in determining a person's domicile), *aff'd*, 406 Fed. Appx. 516 (2d Cir. 2016). Furthermore, Plaintiff admitted that Stephanie Jones is a resident of Connecticut in Paragraph 2 of Plaintiffs' Answer to Jennifer Abel's Second Amended Counterclaims. *See* [ECF 186 at Page 2], *Stephanie Jones et al. v. Jennifer Abel et al.*, No. 1:25-cv-000779 ("The Jones Parties [i.e., Stephanie Jones and Jonesworks LLC] admit that Stephanie Jones is an individual residing in Greenwich, Connecticut.").

9. Jason Hodes is married to Stephanie Jones, and they jointly own the residential property at 15 Mountain Laurel Drive, Greenwich, CT 06830. (Ex. 3). According to a database maintained by the State of Connecticut's Secretary of State, Jason Hodes is registered to vote in Connecticut. A true and correct copy of a printout from the Secretary of State's website, reflecting the voter registration, is attached as **Exhibit 4**. Hence, Jason Hodes is a citizen of the State of Connecticut.

10. The address of 484 Pacific Street, Stamford, CT 06902 listed in the Statement of Information for Brent Montgomery is a commercial building and is not his residence or domicile. Upon information and belief, Brent Montgomery resides at 23 Hendrie Drive Extension, Old Greenwich, CT 06870. According to a database maintained by the State of Connecticut's Secretary of State, Brent Montgomery is registered to vote in Connecticut. *See Morrison v. Blitz*, No. 88-cv-5607, 1996 U.S. Dist. LEXIS 10000, at *4 (S.D.N.Y. July 18, 1996) (voter registration is proof of domicile and intent to remain). A true and correct copy of a printout from the Secretary of State's website is attached as **Exhibit 5**. Therefore, Brent Montgomery is a citizen of the State of Connecticut.

11. Defendant Katherine Case is domiciled in Brooklyn, New York, which is the place where she has her true fixed home and to which, whenever she is absent, she intends to return. Thus, Katherine Case is a citizen of the State of New York.

12. According to the Addendum to the Request for Judicial Intervention Commercial Division Addendum, Plaintiff claims compensatory damages of $10,000,000. Hence, the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. Therefore, pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction over the above-captioned action, which may properly be removed to the Court pursuant to 28 U.S.C. §§ 1441 *et seq*.

14. This Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b) and the Federal Rules of Civil Procedure.

15. Katherine Case has not been served. Therefore, the "forum defendant rule" from 28 U.S.C. §1441(b)(2) does not preclude removal. *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) ("By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the action.").

16. Upon filing of this Notice of Removal, Defendant shall give written notice thereof to counsel for Plaintiff, and Defendant shall file copies of said Notice of Removal with the Clerk, Supreme Court of the State of New York, County of New York.

17. By filing this notice, Defendant does not waive any defenses or claims which may be available to her.

Dated: September 8, 2026

By: */s/ Jennifer L. Beidel*

Jennifer L. Beidel (5037262)
DYKEMA GOSSETT PLLC
*Attorneys for Defendant Katherine Case*
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
(248) 203-0700
jbeidel@dykema.com