# EXHIBIT 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | | |
|---|---|---|
| **JONESWORKS LLC**<br><br>***Plaintiff,***<br><br>v.<br><br>**KATHERINE CASE**<br><br>***Defendants.*** | § | Index No: ______________<br><br>**SUMMONS WITH NOTICE** |

TO THE ABOVE-NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on Plaintiff's attorneys at the address set forth below within 20 days after service of this Summons, exclusive of the day of service, or within 30 days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to appear, judgment will be taken against you by default for the relief demanded in the notice below.

**NOTICE**

**Nature of the action.** This is an action for breach of contract and unfair competition. Plaintiff alleges that Defendant violated post-employment contractual obligations concerning confidentiality, publications, non-disparagement, and non-solicitation, and misused Plaintiff's confidential and proprietary information to compete unfairly and divert client business.

**Relief sought.** Plaintiff seeks monetary damages, prejudgment and post-judgment interest, costs and disbursements, reasonable attorney's fees to the extent recoverable, and such other and further relief as the Court deems just and proper.

**Default judgment.** If Defendant fails to appear, judgment will be taken against Defendant by default in the sum of $10 million, together with interest, costs, and disbursements.

**Basis of venue.** Venue is designated in New York County because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in New York County, and Plaintiff is incorporated and is a resident of New York County.

Dated: August 27, 2026
New York, NY

Respectfully submitted,

By: ______________________

Shomik Ghosh
Thomas M. Kenny
Joseph M. Esposito
**SPIRO HARRISON & NELSON**
100 Pearl Street, Suite 1803
New York, NY 10004
sghosh@shnlegal.com
tkenny@shnlegal.com
jesposito@shnlegal.com

Bradley Beckworth
Christina Yarnell (*pro hac vice forthcoming*)
Jessica Underwood (*pro hac vice forthcoming*)
8701 Bee Cave Road, Building 1, Suite 500
Austin, Texas 78746
Tel: 512-328-5333
bbeckworth@nixlaw.com
cyarnell@nixlaw.com
junderwood@nixlaw.com

*Attorneys for Plaintiff*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

| | | |
|---|---|---|
| **JONESWORKS LLC** | § | Index No: 654966/2026 |
| *Plaintiff,* | § | |
| v. | § | |
| **KATHERINE CASE** | § | |
| *Defendants.* | § | |

## COMPLAINT

Plaintiff Jonesworks LLC, by and through its undersigned counsel, brings this Complaint against Defendant Katherine Case, and respectfully alleges as follows:

## NATURE OF THE CASE

1. Jonesworks LLC is a highly respected public relations firm, focused on corporate and personal publicity, founded and solely owned by Stephanie Jones. Through Jonesworks, Ms. Jones has represented many high-profile celebrities, athletes, companies, and businesspeople.

2. Katherine Case was hired as an employee of Jonesworks in or around September of 2021. Case signed an employment contract which, among other things, required her to maintain the confidentiality of Jonesworks' propriety information, and to refrain from participating in the publication of articles or commentary about Jonesworks without Jonesworks' prior consent, from making disparaging remarks about Jonesworks or Stephanie Jones, and from soliciting or attempting to persuade Jonesworks' clients to leave Jonesworks for a competitor.

3. Case resigned from employment on March 30, 2022, after working closely with Stephanie Jones and other Jonesworks' employees. In her role, Case was given access to sensitive

and confidential information, both about Jonesworks and Stephanie Jones, but also about Jonesworks' clients.

4. After leaving Jonesworks, Case went to work for a competing PR firm and began using the confidential information she obtained while working at Jonesworks to publicly disparage Jonesworks and Stephanie Jones, and to attempt to steal clients away from Jonesworks. This conduct was in direct violation of Case's employment contract, as well as New York law.

5. Jonesworks brings this action to recover damages for the harm it has suffered due to Case's unlawful actions.

## PARTIES

6. Plaintiff Jonesworks LLC is a Delaware limited liability company that is an internationally recognized public relations firm. It was founded in and has its principal place of business in New York, New York.

7. Defendant Katherine Case is an individual who resides in Brooklyn, New York. From approximately September of 2021 to March of 2022, Case was an employee of Jonesworks. Upon information and belief, Case resides in Kings County at 28 Box Street, Brooklyn, New York 11222.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to New York Civil Practice Laws and Rules ("CPLR") 301.

9. Venue is proper in New York County pursuant to CPLR 503(a) because it is the County in which at least one of the parties resides and where a substantial part of the events giving rise to the claims herein occurred.

## FACTUAL BACKGROUND

10. Stephanie Jones is a highly regarded leader in the field of public relations. She is the founder, president, and owner of Jonesworks, an Emmy award-winning marketing and communications agency.

11. In September of 2021, Jonesworks hired Case to work as a Director of Strategic Communications and Crisis Management.

12. On or around September 24, 2021, Jonesworks and Case executed two contracts. The first was a Non-Disclosure and Intellectual Property Rights and Non-Competition Agreement (the "Employment Agreement"). The second was an offer letter, establishing Case's compensation, title, terms of employment, etc. (the "Offer Letter"). The offer letter makes clear that Case's employment at Jonesworks is contingent on "the execution by [Case] of a Non-Disclosure, Intellectual Property Rights and Non-Solicitation Agreement."

13. Case signed both the Offer Letter and the Employment Agreement.

14. The Employment Agreement contains several provisions relevant to this Complaint.

15. The Employment Agreement provides that Case agrees to keep confidential any and all of Jonesworks' proprietary information, including strategies, plans, financial information, and information pertaining to Jonesworks' clients (the "Confidentiality Provision"). Case's obligations under the Confidential Provision "continue throughout [Case's] employment…and remain in effect after the termination of [Case's] employment."

16. The Employment Agreement prohibits Case from "preparing or assisting any person or entity in the preparation of any books, articles, radio broadcasts, electronic communications, television or motion picture productions of other creations, in any case

concerning [Jonesworks]…or clients or any of their respective officers, directors, agents or employees" without express authorization of Jonesworks (the "No Publication Provision"). This provision is not restricted by time.

17. The Employment Agreement includes a non-disparagement clause, which prohibits Case from "directly or indirectly, in any communications with any reporter, author, producer or any similar person or entity, the press or other media,…criticize, ridicule or make any statement that disparages or is detrimental to [Jonesworks], its affiliates, parent Agency or clients or any of their respective offers, directors, agents or employees."

18. And the Employment Agreement precludes Case from soliciting business from Jonesworks' clients, providing services to Jonesworks' clients, or persuading any Jonesworks client to cease doing business or reduce the amount of business the client does with Jonesworks, for a period of two years following the termination of Case's employment (the "Non-Solicitation Provision").

19. The Employment Agreement includes a New York choice of law provision.

20. During her employment at Jonesworks, Case worked closely with Stephanie Jones, as well as other team members, and worked on the accounts of some of Jonesworks' most high-profile clients. Case was entrusted with confidential client information as part of her day-to-day responsibilities at Jonesworks.

21. In March of 2022, Case resigned from her position with Jonesworks, effective March 30. After leaving Jonesworks, Case went to work for The Agency Group ("TAG")—another PR firm in direct competition with Jonesworks and run by one of Stephanie Jones's former collaborators turned rival.

22. In her new role at TAG, Case violated her obligations to Jonesworks under the terms of her Employment Agreement and began using the confidential information she obtained while at Jonesworks to undercut Jonesworks' business by stealing Jonesworks' clients, disparaging Jonesworks in the media and in other online publications, and gaining an unfair competitive business advantage.

23. For instance, in the Spring of 2024, Case worked to place a hit piece about Jonesworks in Business Insider. Case was interviewed by Jack Newsham, one of the authors of the Business Insider piece, and provided confidential information about the inner workings of Jonesworks, including Jonesworks' confidential client lists and client communications—information Case had access to only by virtue of her prior employment at Jonesworks. This was a direct violation of her Employment Agreement.

24. The Business Insider hit piece, titled "Who's afraid of Stephanie Jones? How Tom Brady's publicist became one of the most polarizing names in celebrity PR," was ultimately published on August 15, 2024. It was highly critical of Jones and included numerous accounts of internal conflicts between Stephanie Jones and her employees—stories that could only have come from a former disgruntled employee, like Case.

25. Case also worked to persuade Jonesworks' clients to leave Jonesworks in favor of Jonesworks' competitor, TAG—Case's new employer. Indeed, part of her decision to collaborate to place the Business Insider hit piece was premised on her belief that it would help persuade certain Jonesworks clients to move their business to a competitor PR firm for whom Case was working. This was a direct violation of Case's employment agreement.

26. In parallel with Case's efforts to disparage Jonesworks and Stephanie Jones in Business Insider, Case also engaged in other means to violate her employment agreement. For

example, Case wrote false copy for statements about Jonesworks and Stephanie Jones that Case believed would be disseminated publicly. This conduct constitutes a direct violation of Case's Employment Agreement.

27. Case knew at that time that what she was doing was wrong. Indeed, her communications about her wrongful actions occurred in large part over the ephemeral messaging app, "Signal," designed to auto-delete after a certain period of time to prevent later discovery of the paper trail tying Case to these actions. Fortunately, Case's efforts to cover her tracks were ultimately unsuccessful.

28. Cases's actions had serious negative repercussions for Jonesworks and negatively impacted Jonesworks' standing and connection with its clients, making Jonesworks vulnerable to its clients being poached by competitive PR firms. Indeed, this was Case's motivation. And she was successful.

29. As a result of Case's wrongful actions, Jonesworks has suffered reputational damage, lost client accounts, and incurred significant monetary harm.

## CAUSES OF ACTION

### Count 1: Breach of Contract

30. Plaintiff repeats, reiterates, and realleges each and every allegation contained herein with the same force and effect as if hereafter set forth at length.

31. Jonesworks and Case are parties to the Employment Agreement, which is a valid and enforceable contract.

32. Under the Employment Agreement, Case agreed, among other things, that: (1) she would hold in strict confidence any and all of Jonesworks' proprietary information, including strategies, plans, financial information, and information pertaining to Jonesworks' clients; (2) she

would not prepare or assist in the preparation of any article or other publication concerning Jonesworks, its clients, or its officers, directors, or employees without Jonesworks' authorization; (3) she would not "criticize, ridicule or make any statement that disparages or is detrimental to [Jonesworks]," its clients, or its officers, directors, or employees, in any communications with reports, the press, or other media; and (4) she would not solicit business from Jonesworks' clients, provide services to Jonesworks' clients, or attempt to persuade any Jonesworks client to cease doing business or reduce its business with Jonesworks.

33. Case breached the Employment Agreement through her actions as described in this Complaint, including by, among other things: (1) failing to maintain the confidentiality of Jonesworks' proprietary information; (2) using confidential information to solicit, induce, or attempt to solicit or induce business from Jonesworks' clients and contacts; (3) publishing disparaging statements about Jonesworks and Stephanie Jones; and (4) directly assisting in the preparation of articles concerning Jonesworks and Stephanie Jones.

34. Jonesworks substantially performed its obligations under the Employment Agreement.

35. Case's breaches of the Employment Agreement proximately and directly caused monetary damages to Jonesworks in an amount to be determined at trial.

**Count 2: Unfair Competition**

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained herein with the same force and effect as if hereafter set forth at length.

37. Case was given access to sensitive trade secrets and confidential information during her engagement with Jonesworks in order to perform her obligations on behalf of Jonesworks.

38. Case has used Jonesworks' confidential information in an effort to steal clients from Jonesworks, and in violation of the Employment Agreement.

39. Case has engaged in unfair competition through her unauthorized use of Jonesworks' proprietary information.

40. Cases's actions have been willful and egregious in knowingly misappropriating Jonesworks' confidential information, and using it to engage in unfair competition.

41. Case's unfair competition proximately and directly caused monetary damages to Jonesworks in an amount to be determined at trial.

**PRAYER FOR RELIEF**

Entry of judgment in favor of Plaintiff against Defendant for all damages sustained as a result of Defendant's wrongdoing, including:

a. Monetary damages in an amount to be proven at trial;

b. Reasonable attorneys' fees and costs for this action as allowed by law;

c. Pre-judgment and post-judgment interest; and

d. Such other and further relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 3, 2026

Respectfully submitted,

NIX PATTERSON LLP

By: Brad Beckworth

Bradley Beckworth
**NIX PATTERSON LLP**
Bradley Beckworth

Christina Yarnell (*pro hac vice forthcoming*)
Jessica Underwood (*pro hac vice forthcoming*)
8701 Bee Cave Road
Building 1, Suite 500
Austin, Texas 78746
Tel: 512-328-5333
bbeckworth@nixlaw.com
cyarnell@nixlaw.com
junderwood@nixlaw.com

Shomik Ghosh
Joseph M. Esposito
**SPIRO HARRISON & NELSON**
100 Pearl Street, Suite 1803
New York, NY 10004
Tel.: (646) 880-8850
sghosh@shnlegal.com
jesposito@shnlegal.com

Thomas M. Kenny
**SPIRO HARRISON & NELSON**
363 Bloomfield Avenue, Suite 2C
Montclair, NJ 07042
Tel.: (973) 744-2100
tkenny@shnlegal.com

*Attorneys for Plaintiff*

New York State Unified Court System nycourts.gov

# Request for Judicial Intervention Commercial Division Addendum

UCS-840C (05/2026)
Page **1** of **2**
nycourthelp.gov

**Supreme Court**
**County of** NEW YORK

**Plaintiff/Petitioner** (persons/entities that started the case)**:**
Jonesworks LLC

**Index #:**
654966/2026

**Defendant/Respondent** (persons/entities the case is against)**:**
Katherine Case

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

- ☒ Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g., unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g., sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; technology transactions and/or commercial disputes involving or arising out of technology; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)
- ☐ Transactions governed by the Uniform Commercial Code, excluding those concerning individual cooperative or condominium units
- ☐ Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only
- ☐ Shareholder derivative actions (without consideration of the monetary threshold)
- ☐ Commercial class actions (without consideration of the monetary threshold)
- ☐ Business transactions involving or arising out of dealings with commercial banks and other financial institutions
- ☐ Internal affairs of business organizations
- ☐ Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters
- ☐ Insurance coverage as defined by **22 NYCRR 202.70 subdivisions (b)(9) and (b)(10)**
- ☐ Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures (without consideration of the monetary threshold)
- ☐ Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues (where the applicable agreement provides for the arbitration to be heard outside the United States, the monetary threshold set forth in 22 NYCRR 202.70(a) shall not apply)

Plaintiff/Petitioner's claim for compensatory damages, excluding punitive damages, interest, costs, and counsel fees claimed: $10,000,000.00

Plaintiff/Petitioner's claim for equitable or declaratory relief, including a brief description of the intended benefit, right being protected, or injury being averted through the equitable or declaratory relief sought and its monetary value:

| |
|---|
| |

Defendant/Respondent's counterclaims:

- For counterclaims seeking monetary relief, provide a brief description of the claim, including the amount of compensatory damages sought, excluding punitive damages, interest, costs, and counsel fees claimed
- For counterclaims seeking equitable or declaratory relief, provide a brief description, including the intended benefit, right being protected, or injury being averted through the relief sought and its monetary value

| |
|---|
| |

I request that this case is assigned to the Commercial Division. I certify that the case meets the Commercial Division's jurisdictional requirements as set forth in 22 NYCRR 202.70(a), (b) and (c).

Date: 9/3/2026

/s/ Bradley Beckworth
Signature

Bradley Beckworth
Print Name

UCS-840
(rev. 12/16/2024)

# REQUEST FOR JUDICIAL INTERVENTION

SUPREME COURT, COUNTY OF NEW YORK

Index No: 654966/2026 Date Index Issued: 08/28/2026

| For Court Use Only: |
|---|
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

**CAPTION** Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

Jonesworks LLC

Plaintiff(s)/Petitioner(s)

-against-

Katherine Case

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING** Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ◉ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (*specify*): ____

***NOTE:** For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.*

**TORTS**
- ○ Asbestos
- ○ Environmental (*specify*): ____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (*specify*): ____
- ○ Other Negligence (*specify*): ____
- ○ Other Professional Malpractice (specify): ____
- ○ Other Tort (specify): ____

**SPECIAL PROCEEDINGS**
- ○ Child-Parent Security Act (*specify*): ○ Assisted Reproduction ○ Surrogacy Agreement
- ○ CPLR Article 75 – Arbitration [see ***NOTE*** in **COMMERCIAL** section]
- ○ CPLR Article 78 – Proceeding against a Body or Officer
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 – Kendra's Law
- ○ MHL Article 10 – Sex Offender Confinement (*specify*): ○ Initial ○ Review
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (*specify*): ____
- ○ Other Special Proceeding (*specify*): ____

**MATRIMONIAL**
- ○ Contested

***NOTE:** If there are children under the age of 18, complete and attach the **MATRIMONIAL RJI ADDENDUM (UCS-840M)**.*
*For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (**UD-13**).*

**REAL PROPERTY** Specify how many properties the application includes: ____
- ○ Condemnation
- ○ Mortgage Foreclosure (*specify*): ○ Residential ○ Commercial
  Property Address: ____

  ***NOTE:** For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the **FORECLOSURE RJI ADDENDUM (UCS-840F)**.*
- ○ Partition

  ***NOTE:** Complete and attach the **PARTITION RJI ADDENDUM (UCS-840P)**.*
- ○ Tax Certiorari (*specify*): Section:____ Block:____ Lot:____
- ○ Tax Foreclosure
- ○ Other Real Property (*specify*): ____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution [see ***NOTE*** in **COMMERCIAL** section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change/Sex Designation Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (*specify*): ____

**STATUS OF ACTION OR PROCEEDING** Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ◉ | ○ | If yes, date filed: 08/28/2026 |
| Has a summons and complaint or summons with notice been served? | ○ | ◉ | If yes, date served: ____ |
| Is this action/proceeding being filed post-judgment? | ○ | ◉ | If yes, judgment date: ____ |

**NATURE OF JUDICIAL INTERVENTION** Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice — Date Issue Joined: ____
- ○ Notice of Motion — Relief Requested: ____ Return Date: ____
- ○ Notice of Petition — Relief Requested: ____ Return Date: ____
- ○ Order to Show Cause — Relief Requested: ____ Return Date: ____
- ○ Other Ex Parte Application — Relief Requested: ____
- ○ Partition Settlement Conference
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Waiver of Court Costs, Fees, and Expenses
- ○ Writ of Habeas Corpus
- ◉ Other (specify): Assignment to Commercial Division

**RELATED CASES** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| **Un-Rep** | **Parties** List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | **Attorneys and Unrepresented Litigants** For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | **Issue Joined** For each defendant, indicate if issue has been joined. | **Insurance Carriers** For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Jonesworks LLC<br>Role(s): | Bradley Beckworth, Nix Patterson LLP, 8701 Bee Cave Road, Building 1, Suite 500, Austin, Texas 78746, 512-328-5333, bbeckworth@nixlaw.com | ○ YES ◉ NO | |
| ☒ | Name: Katherine Case<br>Role(s): | 28 Box Street, Brooklyn, New York 11222 | ○ YES ◉ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |
| ☐ | Name:<br>Role(s): | | ○ YES ○ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: 09/03/2026

/s/ Bradley Beckworth
Signature

5151071
Attorney Registration Number

Bradley Beckworth
Print Name